Hall, Judge.
If the will in question liad been proved in the County Court of Cumberland, an authenticated probate of it from that Court would have entitled it to be read. But when an issue was made up to try the validity of flu* will, and an appeal was taken to the Superior Court from a decision upon that issue, the County Court by such appeal io-d, it*, judicial character as to the ques'ion of probate, and could only act afterwards ministerially in having the will recorded in the County Court, according to the directions of the act of 1777". (Rev. c. 115, s. 57.)
It was therefore necessary in case the will was established in the Superior Court, that an authenticated record of that fact should have been transmitted from that Court to the County Court, together with the will thereby established, in which case the County Court should direct the will to be recorded, as well as the record from the Superior Court, as their authority for so doing. A c< oy of the record from the Superior Court establishing the will, hm! » copy of the will, both authenticated by the Clerk <>f the County Court, would entitle the will to be read.
In» • pt esent corse, tin- Clerk of the County Court reci’.- tb :t (lie wll was es¡ a hit-bed in tne Superior Con . od o oered to he there refolded, and then trans> Hit - . this Court for eeotd. 5l is therefore ordered, that tie s.iia will, h< ing now protlut ed, be recorded in t> Coo.t,. aii-1 filed among the rec- rd- of toe Court, agí cesible to law.5’ But in this certificate, the Clerk *395 does Rot state upon what authority he makes that tal, or upon what authority the will was directed to be recorded. I will not say, that an authenticated copy of the records of the Superior Court, by which it would appear that the will was established, would not entitle it to be read. I think otherwise. I also think, if it was authenticated in the way I have pointed out by the Clerk of the County Court, it would be sufficient; but that the will, as at present authenticated, ought not to be read, E feel confident.
There ran be no reason for being too strict in examining certificates of this description. But when it is recollected, that the records of the County and Superior Courts of Cumberland are kept at the same place, and that the one can be procured as readily as the other, nothing of hardship ran be alleged against requiring them to be made out in regular form.
Per. Curiam. — Let the judgment of the Court below be affirmed.